## B. Bornstein and Son, Inc. v. Bethlehem Steel Corporation

*Edward Greer,* for plaintiff.
*Edwin P. Rome* and *Alan C. Gershonson,* for defendant.

TAKIFF, *J.,* February 23, 1978 — Presently before the court is defendant Bethlehem Steel Corpo-

ration's motion for summary judgment. Plaintiff, B. Bornstein and Son, Inc., has filed what essentially is a preliminary objection to the motion, styled as a "Memorandum of Law Contra Defendant's Motion for Summary Judgment." In this pleading, plaintiff contends that the motion is untimely and should therefore be dismissed. We disagree.

The instant lawsuit was originally filed in May, 1973. It was among the top 250 cases on the Philadelphia County trial list when it was assigned to this court for all purposes pursuant to an individual calendar program. A pre-trial conference was held in December, 1977, at which time a trial date of March 20, 1978, was established and counsel advised. Defendant's motion for summary judgment and plaintiff's memorandum of law were filed February 21, 1978, approximately one month before the anticipated start of trial.

The Rules of Civil Procedure provide that a motion for summary judgment may be filed "within such time as not to delay trial." Pa.R.C.P. 1035(a). This time limitation is a duplicate of that found in Pa.R.C.P. 1034(a) relative to motions for judgment on the pleadings, such motions being alternatives to motions for summary judgment. Due to the similarity of both purpose and language, decisions interpretative of the Pa.R.C.P. 1034(a) limitation are applicable in the application of Pa.R.C.P. 1035(a): See 2 Goodrich-Amram 2d §1035(a):2; 2B Anderson Pa. Civ. Prac. §1035.9.

A motion for summary judgment will be untimely if delayed until before a trial, when it would not be possible to have the motion argued without postponement of the trial: 2 Goodrich-Amram 2d §1034(a):4. The rationale for this interpretation of

Pa.R.C.P. 1034 appears to be predicated upon the maintenance of a separate motion list calendar where that practice is followed. In the reported opinions which have determined a motion for judgment on the pleadings to be untimely, the reason generally assigned is that due to the scheduling of the motion list, the earliest possible date for argument on the motion would be after the scheduled trial date, making pre-trial argument and adjudication impossible without trial postponement: Bialek v. March, (no. 2), 29 D. & C. 2d 519 (Montg. Co. 1963); Steudler v. Rust Engineering Co., 77 D. & C. 598 (Elk Co. 1951). Inasmuch as the instant motion was filed after the assignment of the case to a single judge to entertain and adjudicate all matters relative to the case, including pre-trial motions, we are not bound by the fixed time constraints imposed by the calendared motion list restriction. Argument may be scheduled immediately, and decision expedited so as not to compel the delay of trial. Without such a delay of trial, the instant motion proves timely under the rule.

Another interpretation of the timeliness standard does exist, however. Anderson states: "[I]t is necessary to construe the time limitation as only prohibiting the filing of the motion if the case has already been listed for trial . . ." 2B Anderson Pa. Civ. Prac. §§1035.9, 1034.9. As this matter has been listed for trial, application of this view would make the instant motion prima facie untimely. We decline to blindly follow Anderson's interpretation, for while it may act as a prophylactic measure to combat the filing of dilatory motions, its application to the instant case would work against the goal of securing the just, speedy, and inexpensive determination of *this* action: See Pa.R.C.P. 126. Counsel

have estimated that the trial of this case may consume up to two weeks. Since this trial would be rendered unnecessary if the instant motion is granted, and if denied, the issues raised in the present motion would need to be explored at trial, in the interests of judicial economy we cannot justify a holding that the present motion is untimely, absent a showing of substantial prejudice to the plaintiff.

Wherefore, we enter the following

### ORDER

And now, February 23, 1978, upon consideration of defendant's motion for summary judgment and plaintiff's memorandum of law contra, it is hereby ordered and decreed that said motion was timely filed, and further that defendant is given leave to file a pleading responsive to the merits of said motion within fifteen days of the date of this order.